[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 14, 2005
THOMAS K. KAHN
CLERK

No. 04-15194
Non-Argument Calendar

_____

D. C. Docket No. 04-00109-CR-T-27TBM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PABLO ANDRES ANGULO HINCAPIE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(September 14, 2005)**

Before BIRCH, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

Pablo Andres Angulo Hincapie appeals his 135-month sentence for

possession with intent to distribute cocaine, in violation of 21 U.S.C. § 960(b)(1)(B)(ii) and conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 960(b)(1)(B)(ii). He argues that: (1) the district court erred in failing to grant him a minor role reduction pursuant to U.S.S.G. § 3B1.2; and (2) the district court violated Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531(2004), and United States v. Booker, 543 U.S. ___, 125 S. Ct. 738 (2005), and committed harmful error when it sentenced him under mandatory Sentencing Guidelines.

A sentencing court's determination of a defendant's role in an offense is a factual finding reviewed for clear error. United States v. De Varon, 175 F.3d 930, 937 (11th Cir. 1999) (en banc). The defendant bears the burden of proving by a preponderance of the evidence that he is entitled to a role reduction. Id. at 939. The standards for reviewing the application of the Guidelines which existed pre-Booker are applicable post-Booker. United States v. Crawford, 407 F.3d 1174, 1178 (11th Cir. 2005). "A sentencing court under Booker still must consider the Guidelines, and, such consideration necessarily requires the sentencing court to calculate the Guidelines sentencing range in the same manner as before Booker." United States v. Shelton, 400 F.3d 1325, 1332 n.9 (11th Cir. 2005).

The Guidelines provide for a four-level reduction for a defendant who acts

2

as a minimal participant, a two-level reduction for a minor participant, and a three-level reduction for cases falling in between the minor and minimal level. U.S.S.G. § 3B1.2. A minimal participant is a defendant who is "plainly among the least culpable of those involved in the conduct of a group," U.S.S.G. § 3B1.2, comment. (n.4), while a minor participant means any participant "who is less culpable than most other participants, but whose role could not be described as minimal," U.S.S.G. § 3B1.2, comment. (n.5). Moreover, when a defendant is convicted under 21 U.S.C. § 960(b)(1) and he is entitled to a mitigating-role adjustment under U.S.S.G. § 3B1.2, then his base offense level may not be set higher than level 30. U.S.S.G. § 2D1.1(a)(3)(B)(i).

To determine whether a defendant is entitled to a mitigating-role reduction in drug courier importation case , the district court first must measure the defendant's role in the offense against the relevant conduct for which he has been held accountable. DeVaron, 175 F.3d at 940. Under this prong of the DeVaron test, the amount of drugs may be dispositive. Id. at 943. Next, the court may compare the defendant's culpability to that of other participants in that relevant conduct. Id. at 944. The district court may consider other participants in the offense, but "only to the extent that they are identifiable or discernable from the evidence." Id. "The conduct of participants in any larger criminal conspiracy is

3

irrelevant." <u>Id.</u> In cases where the defendant is a drug courier, relevant factual considerations include, but are not limited to: (1) the quantity of drugs; (2) the fair market value of those drugs; (3) the amount of compensation due to or received by the courier; (4) the courier's equity interest in the drugs, if any; (5) the courier's role in planning the scheme; and (6) the courier's role, or intended role, in the distribution of the drugs. <u>Id.</u> at 945.

The district court correctly found that the relevant conduct for which Hincapie was held accountable was the conspiracy to possess and possession with intent to distribute approximately 2,629 kilograms of cocaine, a very large quantity of drugs. The district court correctly assessed his role in connection with this scheme, and not in connection with any larger conspiracy. Twelve men on two boats comprised the entire transaction before the district court: presumably two captains, two mechanics, and eight crewmembers. The men moved nearly two tons of cocaine in 133 bales between the two vessels. Hincapie offered no evidence to show that his involvement was significantly less important than that of any other member who off-loaded this large amount of cocaine. Given these facts, we cannot hold that the district court's finding that Hincapie was not entitled to a mitigating-role reduction was clearly erroneous.

Next, Hincapie argues that the district court erred in sentencing him based

4

on a mandatory Sentencing Guidelines system.   Because Hincapie raised his Booker objection to the district court's application of the Guidelines at his sentencing, we review the issue de novo, and reverse "only if any error was harmful."  United States v. Paz, 405 F.3d 946, 948 (11th Cir. 2005) (per curiam) (citation omitted).  To find a constitutional error harmless beyond a reasonable doubt, we must determine whether or not the error contributed to the sentence obtained.  Id.  However, when confronted with a statutory, and non-constitutional, error, we employ a less demanding standard of review than typical harmless error analysis.  United States v. Mathenia, 409 F.3d 1289, 1292 (11th Cir. 2005) (per curiam).  "A non-constitutional error is harmless if, viewing the proceedings in their entirety, a court determines that the error did not affect the [sentence], or had but a very slight effect.   If one can say with fair assurance . . . that the [sentence] was not substantially swayed by the error, the [sentence] is due to be affirmed even though there was error."  Id. at 1292 (quotations and citations omitted) (alterations and omissions in original).  This standard is as difficult for the government to meet "as it is for a defendant to meet the third-prong prejudice standard for plain error review."  Id.

In Booker, the Supreme Court held that the "Sixth Amendment right to trial by jury is violated where under a mandatory guidelines system a sentence is

5

increased because of an enhancement based on facts found by the judge that were neither admitted by the defendant nor found by the jury." United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir.), cert. denied, __ U.S. __, 125 S. Ct. 2935 (2005) (citing Booker, 543 U.S. at ___, 125 S. Ct. at 749-56). Despite the absence of a Sixth Amendment violation, the district court nevertheless can commit error under Booker by applying the Guidelines as mandatory. Shelton, 400 F.3d at 1330-31. We explained that "[a]s a result of Booker's remedial holding, Booker error exists when the district court misapplies the Guidelines by considering them as binding as opposed to advisory." Id. at 1331.

The district court sentenced Hincapie based on the Sentencing Guidelines, which it regarded as mandatory and thus committed statutory Booker error. The government has the burden to show that this error had but a slight effect on Hincapie's sentence. The district court sentenced Hincapie to the lowest sentence under the applicable Guideline range without issuing alternative sentences or making other statements indicating its sentence would be similar on remand. The government cannot meet its burden and has conceded as much. Accordingly, we vacate his sentence and remand for resentencing.

**AFFIRMED IN PART, VACATED AND REMANDED IN PART.**